IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| UNITED STATES OF AMERICA, | No. [handwritten case number] |
|---|---|
| Plaintiff, | **COUNT 1:**<br>18 U.S.C. §§ 2320(a) and 2<br>(Trafficking in Counterfeit Goods)<br>NMT 10 Years Imprisonment |
| v. | NMT $2,000,000 Fine |
| **TARA L. KINGREY**<br>[DOB: 04/28/1992],<br>d/b/a Absolutely Fabulous Boutique LLC, | NMT 3 Years Supervised Release<br>Class C Felony |
| Defendant. | **FORFEITURE ALLEGATION:**<br>18 U.S.C. §§ 982(a)(1) and 2323 |
| | Mandatory Restitution;<br>$100 Special Assessment |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to the Information:

### Introduction and Background

1. The defendant, **TARA L. KINGREY**, resided in Barry County, Missouri, a location in the Western District of Missouri.

2. The defendant was the organizer, owner, and registered agent of Absolutely Fabulous Boutique LLC ("Absolutely Fabulous"), a Missouri limited liability company, charter number LC1715932, originally registered with the Missouri Secretary of State's Office on July 9, 2020. Absolutely Fabulous was located at 403 Plaza Drive, Monett, Barry County, Missouri, a location in the Western District of Missouri and operated as a storefront and online boutique store. The defendant also operated Absolutely Fabulous out of her residence.

3. United States Customs and Border Protection ("CBP"), as a component of the United States Department of Homeland Security ("DHS"), is charged with, among other things, the inspection of goods shipped into and from the United States, as well as the collection of tariffs, taxes or duties applicable to certain imported or exported goods. United States Immigration and Customs Enforcement ("ICE"), another component of DHS, is tasked with investigations referred by CBP.

4. The United States Patent and Trademark Office ("USPTO") is an agency of the United States Department of Commerce that is responsible for granting patents and registering trademarks in the United States. A trademark is a word, phrase, symbol, or design (or combination thereof) that is used to identify goods or services, and which helps customers distinguish among those goods and services in the marketplace. By registering trademarks, the USPTO aids businesses in protecting investments in their brand, and safeguards consumers against confusion, mistake, or deception in the marketplace.

5. The USPTO reviews trademark applications to determine if a trademark meets the requirements to be registered. If approved for registration, the USPTO issues a certificate for the trademark containing a unique registration number that can be used to identify the trademark.

6. Louis Vuitton Malletier ("Louis Vuitton") was a Société par actions simplifiée ("SAS") organized under the laws of France, having a principal place of business in Paris, France. Louis Vuitton owned the company's trademarks in the United States. Louis Vuitton, among other items, manufactures and distributes purses, handbags, wallets, leather goods, jewelry, including necklaces, and hair ties under a mark registered on the principal register in the USPTO. Louis Vuitton owned the following trademarks:

    a. USPTO Registration No. 0297594 – "LV" Word Mark and Design;

    b. USPTO Registration No. 1990760 – "Louis Vuitton" Word Mark; and

    c. USPTO Registration No. 2361695 – "LV" Word Mark.

7. From an unknown date, but at least as early as July 2020, and continuing through at least April 2023, the defendant, through Absolutely Fabulous Boutique LLC and its physical store and online store, sold various counterfeit Louis Vuitton purses, handbags, wallets, necklaces, and other products to consumers from her residence and the Absolutely Fabulous Boutique LLC store in Barry County, Missouri. The defendant did so to generate income or financial gain by successfully importing into the United States and selling such counterfeit goods. These counterfeit consumer goods were typically manufactured in Hong Kong and China and were shipped to the United States for distribution. The defendant would then act as a distributor of the counterfeit consumer goods. The defendant would utilize wire communications to communicate with consumers and potential consumers about such counterfeit goods and utilize electronic wire transfers to receive payment for the sale of counterfeit goods.

## The Acts

8. In or around November 2021 and December 2021, the defendant ordered various Louis Vuitton-branded, counterfeit handbags, wallets and boots, and other branded counterfeit goods from China and Hong Kong.

9. On or about January 24, 2022, the defendant received notice from CBP regarding the seizure of counterfeit goods being shipped to her from China and Hong Kong in November 2021 and December 2021. This notice contained an "Election of Proceedings" form directing the defendant to complete the form and return it to CBP. The defendant did not complete and return the form to CBP.

3

Case 3:24-cr-05003-BP   Document 4   Filed 02/06/24   Page 3 of 6

10. After the defendant received the notice from CBP, she continued to order and sell counterfeit goods.

11. On or about February 10, 2022, the defendant sold one Louis Vuitton-branded, counterfeit cross-body purse to an individual working in an undercover capacity in association with ICE.

12. In or around August 2022, the defendant ordered various Louis Vuitton-branded, counterfeit handbags and other branded counterfeit goods from Hong Kong.

13. On or about October 25, 2022, and November 3, 2022, the defendant communicated with an individual working in an undercover capacity in association with ICE, regarding the availability of a Louis Vuitton-branded purse. The defendant stated the purse was available for purchase.

14. On or about November 4, 2022, the defendant sold one Louis Vuitton-branded, counterfeit purse to an individual working in an undercover capacity in association with ICE.

15. From in or around July 2020, and continuing to April 23, 2023, at least 25 shipments were delivered from China or Hong Kong to the defendant. Many of these shipments contained material and goods that had the brand, trademark, and logo that made it appear that the legitimate holder of the trademark had manufactured the material.

## COUNT 1
(18 U.S.C. §§ 2320(a) and 2)

16. The allegations set forth in paragraphs 1 through 15 are re-alleged and incorporated by reference as if set forth in full herein.

17. In or around August 2022, in Barry County, in the Western District of Missouri, and elsewhere, the defendant did intentionally traffic and attempt to traffic in goods and knowingly used a counterfeit mark on and in connection with such goods, and intentionally traffic and attempt

4

to traffic in labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature, to wit: 12 Louis Vuitton-branded purses, knowing that a counterfeit mark had been applied thereto, the use of which was likely to cause confusion, to cause mistake, and to deceive, in violation of Title 18, United States Code, Sections 2320(a) and 2.

## FORFEITURE ALLEGATION

18. The allegations set forth in paragraphs 1 through 17 and the charge set out in this Information are hereby re-alleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 2323, and Title 28, United States Code, Section 2461.

19. Pursuant to Title 18, United States Code, Section 2323, upon conviction of an offense in violation of Title 18, United States Code, Section 2320, as set forth in Count 1, the defendant, **TARA L. KINGREY**, shall forfeit to the United States of America:

    a. Any property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense;

    b. Any property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense, and all interest and proceeds traceable thereto, and a money judgment therefore, representing the proceeds obtained by the defendant, **TARA L. KINGREY**, in that the sum in aggregate, constitutes or is derived from proceeds traceable to the offense set forth above.

### Substitute Assets

20. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

5

Case 3:24-cr-05003-BP   Document 4   Filed 02/06/24   Page 5 of 6

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; and/or

e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant not less than the value of the property described in paragraph 19.b. above, or elsewhere, as being subject to forfeiture.

Respectfully submitted,

TERESA A. MOORE
United States Attorney

/s/ Casey Clark

CASEY CLARK
Assistant United States Attorney

DATED: 2/6/24
Springfield, Missouri

6

Case 3:24-cr-05003-BP   Document 4   Filed 02/06/24   Page 6 of 6